Oral argument not yet scheduled

_____

**No. 23-5872**
_____

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**Brandon Carrier**,

Plaintiff-Appellant

v.

**Matt Patterson**,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Eastern District of Tennessee,
Case No. 2:23-CV-80
_____

**OPENING BRIEF FOR PLAINTIFF-APPELLANT
BRANDON CARRIER**
_____

Samuel Weiss
RIGHTS BEHIND BARS
416 Florida Ave., NW #26152
Washington, D.C. 20001


February 15, 2024

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**Disclosure of Corporate Affiliations
and Financial Interest**


Sixth Circuit:        Case Name: Carrier v. Patterson
Case Number: 22-1562


Name of Counsel: Samuel Weiss, Esq.

Pursuant to 6th Cir. R. 26.1

Makes the following disclosure: Brandon Carrier

1.  Is said party a subsidiary or affiliate of a publicly owned corporation? If yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party: No.

    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest: No.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ...................................... 1

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUES ..................................................................... 1

STATEMENT OF THE CASE ......................................................................... 2

    I.   Factual Background ........................................................................ 2

    II.  Procedural History ......................................................................... 3

SUMMARY OF THE ARGUMENT ................................................................ 5

STANDARD OF REVIEW ............................................................................. 6

ARGUMENT ................................................................................................... 6

    I.   The district court applied the wrong standard to Carrier's failure to protect claim and erred in its application. ...................................................... 7

        A.   The district court should have applied the more protective Fourteenth Amendment test to Carrier's failure to protect claims. ..................................... 8

        B.   The district court erred in holding that Carrier had not shown a substantial risk of serious harm. ....................................................................... 11

        C.   Carrier has alleged sufficient facts to state a claim under the Fourteenth Amendment. ........................................................................ 16

    II.  The district court erred when it dismissed Carrier's complaint with prejudice on pre-service screening when amendment would not have been futile. ........... 20

CONCLUSION ............................................................................................... 24

CERTIFICATE OF COMPLIANCE .............................................................. 25

CERTIFICATE OF SERVICE ....................................................................... 26

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ............. 27

# TABLE OF AUTHORITIES

## Cases

*Bainum v. Sedgwick Cnty. Commissioners*, 27 F. App'x 965 (10th Cir. 2001) ....... 9

*Berndt v. State of Tenn.*, 796 F.2d 879 (6th Cir. 1986) ................................... 14, 23

*Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999) .................................................... 9

Brawner v. Scott County, Tennessee, 14 F.4th 585 (6th Cir. 2021) ..................... 11

*Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939 (6th Cir. 2022) ........................ 12

*Coleman v. Tollefson*, 733 F.3d 175 (6th Cir. 2013) ............................................ 21

*Creech v. Ohio Dep't of Rehab. & Correctio*n, No. 21-3722, 2022 WL 4138415
  (6th Cir. Sept. 13, 2022) ................................................................................ 9

*Cromer v. Snyder*, No. 17-1502, 2017 WL 5158687 (6th Cir. Oct. 25, 2017)....... 22

*DeNoma v. Kasich*, No. 16-3839, 2017 WL 6987677 (6th Cir. Oct. 16, 2017)21, 22

*EEOC v. Ohio Edison Co.*, 7 F.3d 541 (6th Cir. 1993) ......................................... 20

*Erickson v. Pardus*, 551 U.S. 89 (2007) ................................................................ 6

*Estelle v. Gamble*, 429 U.S. 97 (1976) .................................................................. 6

*Farmer v. Brennan*, 511 U.S. 825 (1994) ...................................................... 10, 15

*Franklin v. Rose*, 765 F.2d 82 (6th Cir. 1985) ...................................................... 8

*Freeman v. Gay*, No. 11-CV-0867, 2016 WL 6432796 (M.D. Tenn. Oct. 31, 2016)*,
  report and recommendation adopted*, No. 11-CV-0867, 2016 WL 7035141
  (M.D. Tenn. Dec. 2, 2016)................................................................................ 9

*Garrett v. Adams*, No. 09-CV-13141, 2010 WL 5296841 (E.D. Mich. Nov. 5,
  2010) ............................................................................................................ 10

*Gordon v. England*, 354 F. App'x 975 (6th Cir. 2009)......................................... 24

iii

*Greene v. Crawford Cnty., Michigan*, 22 F.4th 593 (6th Cir. 2022)..................... 11

*Haines v. Kerner*, 404 U.S. 519 (1972) ............................................................ 6, 9

*Hampton v. Bulholtz*, No. 20-3480, 2021 WL 1884838 (6th Cir. Jan. 22, 2021)..... 9

*Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305 (6th Cir. 2023) .................. 10

*Jones v. Bock*, 549 U.S. 199 (2007)................................................................. 21

*Jones v. Caruso*, 569 F.3d 258 (6th Cir. 2009) ................................................. 8

*LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) .......................................... 20

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990) ........................................... 9

*McGowan v. Herbert,* No. 22-2033, 2023 WL 2945341 (6th Cir. Apr. 14, 2023) ...........................................................................................14, 18, 19

*Miles v. Williamson Cnty. Sheriff's Off.*, No. 23-CV-00528, 2023 WL 7308073 (M.D. Tenn. Nov. 6, 2023) ............................................................................. 10

*Ouellette v. Vill. of Beverly Hills*, No. 15-CV-11604, 2017 WL 875298 (E.D. Mich. Mar. 6, 2017)....................................................................................... 9

*Reedy v. West*, 988 F.3d 907 (6th Cir. 2021) ..........................................10, 12, 17

*Richko v. Wayne Cnty., Mich.*, 819 F.3d 907 (6th Cir. 2016).............................. 15

*Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579 (6th Cir. 1990) .... 21, 24

*Schoonover v. Rogers*, No. 21-3970, 2022 WL 12258998 (6th Cir. Oct. 21, 2022) ...................................................................................................... 13, 15

*Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). .............................................. *passim*

*Thompson v. County of Medina*, 29 F.3d 238 (6th Cir. 1994) .............................. 13

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634 (6th Cir. 2003) ........................................................................................................ 20

*Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721 (6th Cir. 2022) .....11, 16, 18

*Young v. Campbell Cnty.*, 846 F. App'x 314 (6th Cir. 2021) ......................... 13, 14

## Statutes

28 U.S.C. § 1291 ................................................................................................. 1

28 U.S.C. § 1915 ...................................................................................1, 4, 6, 22

28 U.S.C. § 1915A .................................................................................1, 4, 6, 22

42 U.S.C. § 1983 ................................................................................................. 1

## Other Authorities

Complaint for Violation of Civil Rights, District Court for the Eastern District of Tennessee,
https://www.tned.uscourts.gov/sites/tned/files/forms/complaint_revised .pdf ..... 4

## Rules

Fed. R. App. P. 4(c) ........................................................................................... 1

**STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Plaintiff-Appellant Brandon Carrier requests oral argument. Argument would aid the court in in evaluating his Fourteenth Amendment claims and assessing whether the district court erred in dismissing his case with prejudice before he had an opportunity to amend his complaint.

**STATEMENT OF JURISDICTION**

Because Carrier alleged deprivations of his federal constitutional rights and sued under 42 U.S.C. § 1983, the district court had subject-matter jurisdiction under 28 U.S.C. § 1331. The district court's Memorandum and Order on September 8, 2023, dismissed Carrier's complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Mem. & Order, ECF No. 4, Page ID# 35; *see also* J. Order, ECF No. 5, Page ID # 36. Carrier timely filed a notice of appeal on September 27, 2023, which was docketed on October 3, 2023. Notice of Appeal, ECF No. 6, Page ID# 37; Fed. R. App. P. 4(c). This Court has jurisdiction under 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES**

I.   Whether the district court erred in its failure to protect analysis by (1) assessing Carrier's claims under the Eighth Amendment instead of the Fourteenth Amendment, (2) holding that Carrier had not shown objective

harm, and (3) disregarding key allegations about the circumstances surrounding the officers' actions.

II. Whether the district court erred by dismissing the complaint with prejudice on pre-service screening before Carrier had any opportunity to amend.

## STATEMENT OF THE CASE

### I. Factual Background

Plaintiff-Appellant Brandon Carrier is currently incarcerated at the Carter County Jail in Elizabethtown, Tennessee. Comp., ECF No. 2, Page ID# 16. Carrier does not explicitly state in his short complaint whether he is in pre-trial or post-conviction custody, but he notes that he is in a "jail," and that he has brought his concerns to the Sheriff, both of which strongly indicate he is being held pre-trial. *Id.* at Page ID# 18.

At Carter County Jail, Carrier is housed in administrative segregation/protective custody. *Id.* at Page ID## 17–18. On May 22, 2023, while under the supervision of Defendant-Appellee Captain Matt Patterson and Corrections Officer Rymer, Carrier was sexually assaulted by another man housed on his cell block. *Id.* at Page ID# 18. Officer Rymer was distributing lunch to the detainees housed in administrative segregation/protective custody while Carrier was "on rec[reation]," and thus outside of his cell. *Id.* While passing out lunch, Rymer

opened the door to Bobby Lee Porter Jr.'s cell, which jail staff was "not suppose[d] to do" for Carrier's protection. *Id*.

As a result, Porter exited his cell and sexually assaulted Carrier. *Id*. Carrier states that Porter "attacked [him]," and said he was going to "knock [him] out" and "fuck [him]." *Id*. Porter then took off his pants and "tried to mount" Carrier. *Id*.

Carrier is a victim of childhood sexual abuse, and suffers from posttraumatic stress disorder and major depression. *Id*. at Page ID## 18, 20. Following Porter's attack, Carrier has experienced increased flashbacks and nightmares of his childhood victimization. *Id*. at Page ID# 18. Porter is still housed in the same cell block as Carrier. *Id*. Carrier is afraid to come out of his cell at all. *Id*.

Carrier asked Captain Patterson to be moved away from his attacker, but Patterson stated he would not move Carrier, nor would he move Porter. *Id*. Instead, he told Carrier to "get over it." *Id*. Carrier filed five grievances, but the jail provided him with no relief. *Id*. at Page ID# 16. He has now filed this federal lawsuit, in which he seeks both damages for the pain and suffering stemming from the sexual assault and injunctive relief, namely transfer to a different location where he will be protected from future sexual victimization. *Id* at Page ID## 19–20.

## II.    Procedural History

Carrier filed this lawsuit, pro se, along with a motion to proceed *in forma pauperis*, on July 7, 2023. He is suing for violation of his civil rights under 42 U.S.C.

§ 1983, and seeks both damages and injunctive relief. Comp. at Page ID# 15, 19–20. Carrier hand-wrote his complaint on the Eastern District of Tennessee's template "Complaint for Violation of Civil Rights."[1] *Id.* at Page ID## 15–20. The template provides one page for pro se litigants to write out their "statement of facts," and Carrier filled every inch of this page, including the margins, with details about his experiences in segregation and of being sexually assaulted by Porter. *Id.* at Page# 18.

On September 8, 2023, the district court dismissed all of Carrier's claims on pre-service screening, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because it held that Carrier had failed to state a claim upon which relief may be granted. Mem. & Order at Page ID# 35. The district court entered this dismissal with prejudice, even though Carrier had not yet had the opportunity to make any amendments to his complaint. *Id.*; J. Order at Page ID# 36. Moreover, the district court certified that any appeal from this dismissal "would not be taken in good faith and would be totally frivolous," and held that should Carrier file an appeal, he would be denied leave to proceed *in forma pauperis* per 28 U.S.C. § 1915(a)(3). *Id.* Carrier timely filed a notice of appeal. Notice of Appeal at Page ID# 27.

---

[1] Complaint for Violation of Civil Rights, District Court for the Eastern District of Tennessee, https://www.tned.uscourts.gov/sites/tned/files/forms/complaint_revised.pdf

# SUMMARY OF THE ARGUMENT

This Court should reverse the district court's dismissal on pre-service screening for failure to state a claim for two reasons. First, the district court applied the wrong constitutional standard to Carrier's failure to protect claim. Carrier is a pre-trial detainee, and thus his failure to protect claim should be evaluated under the Fourteenth Amendment. But the district court erroneously applied the more stringent Eighth Amendment standard. Moreover, in its analysis under the Eighth Amendment, which overlaps with the Fourteenth Amendment analysis in part, the district court ignored allegations in Carrier's complaint and failed to interpret his complaint liberally and with all inferences made in his favor. Because Carrier has pleaded facts sufficient to state a claim under the Fourteenth Amendment, his case should be remanded to proceed on this count.

Second, the district court erred by dismissing Carrier's case with prejudice before he had the opportunity to amend his complaint. Dismissal with prejudice prior to amendment is typically granted in only two instances: when the complaint is frivolous or malicious or when amendment would be futile. Neither of these bases apply to Carrier. The district court did not hold that Carrier's claims were frivolous or malicious. Nor did the district court hold that amendment would be futile; to the contrary, the district court identified many places where Carrier's complaint may

have succeeded, but for sufficient allegations. This Court should reverse the district court's premature dismissal with prejudice to allow Carrier to seek leave to amend on remand.

## STANDARD OF REVIEW

This Court reviews dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim *de novo. Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This Court must read Plaintiff's pro se complaint indulgently and accept Plaintiff's allegations as true. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ARGUMENT

The district court made two fundamental errors in its pre-service screening dismissal of Carrier's pro se lawsuit against Matt Patterson, the Captain of the Carter County Jail. First, the Court overlooked that Carrier alleged facts showing that he is a pre-trial detainee, and incorrectly applied the Eighth Amendment test to his failure to protect claim, as opposed to the more protective Fourteenth Amendment standard. Moreover, in its analysis of Carrier's failure to protect claim, the district court ignored key allegations showing (1) that Carrier faced a substantial risk of sexual assault and (2) that Carter County Jail employees did not take reasonable actions to

mitigate the of the risk of sexual assault against Carrier, such that he has stated a claim under the correct Fourteenth Amendment test.

Second, the court dismissed Carrier's complaint for failure to state a claim, with prejudice, without giving him the opportunity to amend his complaint even once. Since, per the district court's own reasoning, Carrier's claims were not frivolous and amendment would not have been futile, Carrier should have been given the opportunity to plead additional facts before his action was permanently dismissed. This Court should thus remand this case to the district court for further proceedings, under the correct Fourteenth Amendment standard, and to give Carrier the opportunity to amend his complaint to provide additional facts.

## I.  The district court applied the wrong standard to Carrier's failure to protect claim and erred in its application.

The district court made a set of critical errors in its analysis of Carrier's claim that jail officials failed and continue to fail to protect him from sexual assault. First, the district court ignored the fact that Carrier alleged facts showing this he is in *pre-trial*, not post-conviction, confinement, and accordingly applied the wrong legal test. Second, it incorrectly concluded that Carrier had not stated facts sufficient to establish a substantial risk of serious harm, a factor common to both the correct, Fourteenth Amendment test, and the Eighth Amendment test applied erroneously by the district court. Third, it overlooked key facts alleged by Carrier in his complaint, which support allowing his claim to proceed under the Fourteenth Amendment test.

For all of these reasons, the Court should reverse the district court and remand for further adjudication of Carrier's failure to protect claim under the correct legal standard.

## A. The district court should have applied the more protective Fourteenth Amendment test to Carrier's failure to protect claims.

The district court erred by applying the Eighth Amendment instead of the Fourteenth Amendment to Carrier's failure to protect claim. Carrier alleged that Defendant-Appellee Patterson unconstitutionally failed to protect him from sexual assault by his fellow detainee Porter, and continues to fail to protect him from future assaults by refusing to move him or Porter from the cell block they share. This type of claim is analyzed under the Eighth Amendment when brought by people who have been convicted of a crime, but under the Fourteenth Amendment when brought by people held pre-trial.

At this extremely early stage in proceedings the district court must "construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true." *Thomas*, 481 F.3d at 437 (internal quotations omitted). Further, because Carrier is a pro se litigant, his complaint must be construed liberally, which, at times, requires "active interpretation" by the court. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief"); *Jones v. Caruso*, 569 F.3d 258, 263 (6th Cir. 2009)

(applying *Franklin* outside of the habeas context to § 1983 litigation); *Creech v. Ohio Dep't of Rehab. & Correctio*n, No. 21-3722, 2022 WL 4138415, at *3 (6th Cir. Sept. 13, 2022) (applying *Franklin* to ADA litigation).

Since Carrier alleges facts that indicate that he is in pre-trial detention, the district court should have applied the Fourteenth Amendment test.[2] *See Bainum v. Sedgwick Cnty. Commissioners*, 27 F. App'x 965, 967, 968–69 (10th Cir. 2001) (applying Fourteenth Amendment to pre-trial detainee's conditions of confinement claims, even though he incorrectly pled the Eighth Amendment in complaint); *Ouellette v. Vill. of Beverly Hills*, No. 15-CV-11604, 2017 WL 875298, at *4 (E.D. Mich. Mar. 6, 2017) (same); *Freeman v. Gay*, No. 11-CV-0867, 2016 WL 6432796, at *7 (M.D. Tenn. Oct. 31, 2016)*, report and recommendation adopted*, No. 11-CV-0867, 2016 WL 7035141 (M.D. Tenn. Dec. 2, 2016) (same, and rejecting as "unpersuasive" defendants' "simplistic argument" that plaintiff's case could not

---

[2] Carrier references the Eighth Amendment and "cruel and unusual punishment" in his complaint, but this invocation of the Eighth Amendment by a pro se plaintiff is no reason to apply the incorrect test. *Boswell v. Mayer*, 169 F.3d 384, 387–88 (6th Cir. 1999) (explaining that courts should look to the facts alleged in pro se complaints and evaluate any legal theory that stems from the facts); *Hampton v. Bulholtz*, No. 20-3480, 2021 WL 1884838, at *2 (6th Cir. Jan. 22, 2021) ("a complaint need not expressly plead a legal theory so long as the complaint's well-pleaded factual allegations would support the theory."); *see also Haines*, 404 U.S. at 520 (explaining that inartfully pleaded pro se complaints should be held "to less stringent standards than formal pleadings drafted by lawyers"); *Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990) ("leniency in the strictures of pleading should be shown to pro se plaintiffs").

proceed because he invoked the Eighth Amendment instead of the Fourteenth); *Garrett v. Adams*, No. 09-CV-13141, 2010 WL 5296841, at *7 n.2 (E.D. Mich. Nov. 5, 2010) (applying Fourth Amendment instead of Eighth Amendment to excessive force claim brought by arrestee, even though he pled the Eighth Amendment); *Miles v. Williamson Cnty. Sheriff's Off.*, No. 23-CV-00528, 2023 WL 7308073, at *2 (M.D. Tenn. Nov. 6, 2023) (giving plaintiff "the benefit of the doubt" in case where "[i]t is unclear whether Plaintiff was a pretrial detainee or a convicted inmate" and thus applying Fourteenth Amendment instead of Eighth Amendment).

This is a crucial error because, in this Circuit, the standards under the Eighth and Fourteenth amendments differ meaningfully. Under both tests, a plaintiff must show that they were "incarcerated under conditions posing a substantial risk of serious harm." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)) (stating Eighth Amendment standard); *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315 (6th Cir. 2023) (stating Fourteenth Amendment standard). But under the Eighth Amendment, a plaintiff must also prove that "the official acted with 'deliberate indifference' to inmate safety, meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy*, 988 F.3d at 912. In *Brawner v. Scott County, Tennessee*, this Court meaningfully lowered this deliberate indifference

standard for Fourteenth Amendment claims brought by pre-trial detainees. 14 F.4th 585, 596 (6th Cir. 2021).

Following *Brawner*, pre-trial detainees alleging failure to protect need only show that defendants acted with objective recklessness. *Id.*; *see also Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 728–30 (6th Cir. 2022) ("[O]ur Circuit has now explicitly taken the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly."). This is a significantly lower *mens rea* requirement than the "high standard of culpability" imposed in Eighth Amendment cases. *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 606 (6th Cir. 2022).

Because Carrier has alleged facts, including that he is in a "jail," overseen by a "Sheriff," that demonstrate that he is in pre-trial custody, and because all inferences at this stage must be made in Carrier's favor, the district court should have applied the more lenient Fourteenth Amendment test. Comp. at Page ID# 18; *Thomas*, 481 F.3d at 437 (all inferences must be made in plaintiff's favor on pre-service screening review). At minimum, this Court should remand for the application of the correct legal standard in this case.

### B. The district court erred in holding that Carrier had not shown a substantial risk of serious harm.

The district court also erred in holding that Carrier did not show that he faced a substantial risk of serious harm, either before he was sexually assaulted by Porter

and, even more egregiously, after he was. Both the Eighth Amendment and Fourteenth Amendment tests require incarcerated plaintiffs to show that, objectively, they faced a substantial risk of serious harm. *Reedy*, 988 F.3rd at 912 (requiring under Eighth Amendment that plaintiff show "he was incarcerated under conditions posing a substantial risk of serious harm,"); *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022) (requiring under Fourteenth Amendment that plaintiff show that "conditions put the plaintiff at substantial risk of harm"). Thus, the district court took up this question, even while analyzing Carrier's claim using the incorrect Eighth Amendment test, holding that "[t]here is no evidence that inmate Porter posed a particular danger prior to the alleged assault, or that his current incarceration in the same cell block as Plaintiff poses a particular danger. Nor is there evidence that Plaintiff was, or is, 'particularly vulnerable to assault.'" Mem. & Order at Page ID# 33. This reasoning contains two errors.

First, the district court's reasoning overlooks key allegations in Carrier's complaint and fails to read his factual allegations in the light most favorable to Carrier, which he is owed both because he is a pro se litigant and because he is at the earliest stages of his case. *Thomas*, 481 F.3d at 437 (explaining that that pro se complaints at the pre-service screening stage must be read liberally and construed in the light most favorable to the plaintiff).

Carrier has alleged sufficient facts to show that he faced a substantial risk of serious harm in the moments before Porter attacked him. "[T]his court has repeatedly observed that the risk of violent attack by fellow prisoners known to have previously committed serious assaults, absent precautions, can create a substantial risk of serious harm." *Schoonover v. Rogers*, No. 21-3970, 2022 WL 12258998, at \*6 (6th Cir. Oct. 21, 2022). Though "a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim," the fact that an attack eventually occurred can also be used to show objective harm. *Thompson v. County of Medina*, 29 F.3d 238, 242 (6th Cir. 1994). In a recent failure to protect case, this Court held that the plaintiff's evidence that he was in fact the victim of an assault, combined with the fact that jail officers had failed to reclassify his attacker before his assault despite their knowledge that his attacker posed a danger to others, sufficed to show that the plaintiff objectively faced a substantial risk of serious harm. *Young v. Campbell Cnty.*, 846 F. App'x 314, 321 (6th Cir. 2021).

Carrier has alleged facts very similar to those in *Young*. He alleges that he suffered a serious sexual assault by Porter when Porter "pulled down his pants" and "tried to mount" him. Comp. at Page ID# 18. He also alleges that, before the assault took place, jail officers had taken action inconsistent with the level of risk they knew Porter presented, akin to *Young*'s jailers' failure to reclassify his attacker. Carrier

13

explains that, when he was outside of his own cell "on rec[]," Officer Rymer,[3] a guard on his unit, opened the door to Porter's cell and allowed him to exit although he was "not suppose[d]" to open Porter's door "for [Carrier's] protection." *Id.* Carrier is owed all inferences at this initial screening of his pro se complaint, and it is reasonable to infer that guards were "not suppose[d] to" open Porter's door while others were nearby because the jail knew that Porter was likely to harm his unit-mates. Thus, Carrier has pleaded facts sufficient to show that (1) the jail had some knowledge of the risk Porter posed to others before the attack and took action inconsistent with this known risk, and (2) that Carrier was personally targeted by Porter and suffered a sexual assault. Following *Young*'s reasoning, this is sufficient to show a substantial risk of serious harm.

Carrier's allegations also show that this substantial risk persists after Porter's attack because Carrier is still detained in the same cell block as Porter, under the

_____

[3] Though Carrier made allegations against Rymer in his complaint, he did not name Rymer as a defendant. Carrier named only Matt Patterson, the Captain of the Carter County Jail. However, to the extent that Rymer's actions are also critical to Carrier's claims, Carrier should be afforded leave to amend to name Rymer, as leave to amend is commonly extended to pro se litigants who make formal errors in their pleadings. *See Berndt v. State of Tenn.*, 796 F.2d 879, 882 (6th Cir. 1986) (holding that "[i]t would be a miscarriage of justice to preclude this pro se plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of LMHI are the real parties-defendants"); *McGowan v. Herbert,* No. 22-2033, 2023 WL 2945341, at *4 (6th Cir. Apr. 14, 2023) (instructing district court on remand to "consider whether to allow McGowan to amend his complaint" to state a claim against a defendant he had previously not sued).

exact same circumstances that led to the initial assault. He has been offered no assurances by jail staff that Porter will not again be released from his cell to a common area while Carrier is present. Comp. at Page ID## 16, 18. Rather than take actions to protect him, Defendant Patterson told Carrier to "get over" the sexual assault. Comp. at Page ID# 18. The only changed circumstances that Carrier alleges is that he has been too afraid to leave his cell at all for fear of encountering Porter again. Ultimately, self-imposed confinement is not an adequate form of protection from a substantial risk of sexual assault. *Farmer*, 511 U.S. at 833 (noting that incarceration "strip[s] [incarcerated people] of virtually every means of self-protection" and thus it is the prison or jail's duty, not the prisoner's, to provide protection from harm imposed by other incarcerated people).

Second, the district court erroneously faulted Carrier for failing to provide evidence that he "was or is particularly vulnerable to assault." Mem. & Order at Page ID# 33. Vulnerability to assault based on personal characteristics can be one way of demonstrating a substantial risk of serious harm. *Schoonover v. Rogers*, 2022 WL 12258998, at *6. But it is not a necessary showing, and thus it is irrelevant that Carrier did not make it. *See Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 916 (6th Cir. 2016) (holding that objective harm was shown at summary judgment stage due to facts alleged regarding the violent history and personal characteristics of plaintiff's attacker, his cell-mate, without ever considering plaintiff's vulnerability

to attack). The fact that Carrier did not allege this basis, which may or may not be relevant to his case, does not resolve this claim against him.

### C. Carrier has alleged sufficient facts to state a claim under the Fourteenth Amendment.

Construing the facts alleged in Carrier's complaint in the light most favorable to him, Carrier has stated a claim under the remaining parts of the Fourteenth Amendment test. To meet the Fourteenth Amendment's objective *mens rea* requirement, Carrier must show, both before and after the assault by Porter, that defendants (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined," and (2) "the defendant did not take reasonable available measures to abate th[e] risk [of serious harm to the plaintiff], even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious." *Westmoreland*, 29 F.4th at 729. Additionally, Carrier must show that defendants' failure to take reasonable protective measures caused his injuries. *Id.* Given that Carrier is owed all inferences at this stage of litigation and that his complaint must be construed liberally, *see Thomas*, 481 F.3d at 437, his allegations make these showings. This case should be reversed and remanded so that Carrier's failure to

protect claim can proceed to the next stages of litigation, under the Fourteenth Amendment standard, on which he has alleged sufficient facts at this stage.[4]

First, Carrier alleges sufficient facts to show that Carter County Jail employees made intentional decisions regarding his conditions of confinement. Concerning Carter County Jail officials' conduct before his assault, Carrier has alleged that Officer Rymer[5] made the intentional decision to open Porter's cell door while Carrier was out of his cell on recreation, despite the fact that he was "not suppose[d] to" for Carrier's safety. Comp. at Page ID# 18. Rymer's decision to open Porter's cell, allowing Porter to exit and be in the same space as Carrier, meaningfully changed Carrier's conditions of confinement in that moment, with devastating consequences. *Id.* (explaining that once Porter exited his cell, he approached Carrier, told him he was going to knock him out and sexually assault him, and then began to do so). Concerning Carter County Jail officials' conduct after the assault, Defendant Patterson made an intentional decision not to move Carrier or Porter, despite Carrier's request to be transferred for his safety. Comp. at Page ID#

---

[4] Even an application of the heightened Eighth Amendment standard would require reversal. At the early stage of pre-service screening, Carrier's allegations of jail staff knowingly violating safety protocols—leading to his assault—and then leaving him in the same unit as his assailant are plausible allegations of deliberate indifference, the knowing disregard of a substantial risk of serious harm. *Reedy*, 988 F.3d at 912.
[5] Again, Carrier recognizes that Rymer was not named as a defendant in his original complaint. He should be permitted to amend his complaint to add Rymer. *See supra*, n.3.

18 ("Captain Patterson said he will not move me or him and told me to get over it");
*see also Westmoreland*, 29 F.4th at 729 (holding that refusing to move a potential aggressor was an intentional decision with respect to plaintiff's conditions of confinement).

Second, Carrier can show that a reasonable officer in Rymer or Patterson's position would have appreciated the high risk involved, and thus Rymer and Patterson acted recklessly. As explained above, *see supra* p. 14, Carrier's allegation that Rymer was "not suppose[d]" to open Porter's cell door for Carrier's safety supports a reasonable inference that jail employees were aware of the risk Porter posed to other detainees. Comp. at Page ID# 18. A reasonable officer would have appreciated the high risk inherent in allowing a detainee known to be so dangerous that guards specifically limit his ability to interact with other incarcerated people to exit his cell when another incarcerated person was present just outside. *Cf. McGowan*, 2023 *WL* 2945341 at *3 (holding that a reasonable officer would have appreciated high risk inherent in transferring plaintiff to unit where other individuals who posed a threat to his safety were housed). Rymer's decision to open the door shows a reckless disregard of the high risk of physical and sexual assault to Carrier, one that a reasonable officer would have abated by finding a way to serve lunch to Porter without opening the door or waiting to open Porter's door until Carrier was back in his own cell.

Carrier's allegations also show that Patterson acted with objective reckless disregard toward his safety when he refused to move Carrier or Porter after the assault took place. This Court has held that failing to change a pre-trial detainee's housing placement after the detainee has made the jail aware of a risk of serious harm that is likely to occur under the jail's default housing plan constitutes objective recklessness. *McGowan*, 2023 WL 2945341, at *3 (holding that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved and the obvious consequences" of transferring the plaintiff from protective custody back to a dorm where his attackers were housed after the plaintiff notified the jail that he feared he would likely be attacked again if transferred"). Carrier alleges in his complaint that after the assault, Patterson refused to move Carrier or Porter and told Carrier he should just "get over it." Comp. at Page ID# 18. It can be reasonably inferred from this allegation that Carrier told Patterson about the assault and asked to be moved. Carrier has also made Patterson aware of the risk he is still subject to through the very serious allegations contained in the lawsuit. Patterson's decision to dismiss Carrier's fear of a second assault is objectively reckless. Comp. at Page ID# 18.

Third, Carrier has alleged sufficient facts to show causation. But for Rymer's reckless decision to open Porter's cell when Carrier was outside, Carrier would not have been sexually assaulted. Comp. at Page ID# 18. And but for Patterson's

reckless decision not to move Carrier or Porter from the cell block they share, Carrier would not be spending twenty-four hours a day in his cell, terrified that he will be attacked and raped again by Porter if he leaves it. *Id*.

Thus, Carrier has alleged sufficient facts to survive pre-service screening on his failure to protect claim, when analyzed under the correct, Fourteenth Amendment standard. This Court should reverse the district court and remand so that Carrier can proceed on this claim to the next stage in this litigation.

**II.    The district court erred when it dismissed Carrier's complaint with prejudice on pre-service screening when amendment would not have been futile.**

In addition to the substantive errors the district court made evaluating Carrier's failure to protect claim, the district court made a significant and reversible procedural error in this case. It impermissibly dismissed Carrier's complaint on pre-service screening with prejudice when, per the district court's own reasoning, amendment would not have been futile. Typically, litigants must be given at least one opportunity to amend their pleadings before their lawsuit is dismissed with prejudice. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). The Prison Litigation Reform Act's pre-service screening requirements do nothing to displace this usual practice. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule

15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Jones v. Bock*, 549 U.S. 199, 214 (2007) ("the PLRA's screening requirement does not—explicitly or implicitly––justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself").

There are two exceptions to the general rule that pleadings should not be dismissed with prejudice before amendment, neither of which apply in this case. First, "[u]nder the PLRA, a court may dismiss an action that it finds 'frivolous or malicious' without permitting the plaintiff to amend the complaint." *Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013) (quoting *LaFountain*, 716 F.3d at 951). Second, district courts do not need to provide an opportunity to amend when amendment would be futile. *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). In the pre-service screening context, cases are typically dismissed before amendment on futility grounds only when the plaintiff's case contains a fatal legal flaw that no additional facts could possibly remedy. *See, e.g.*, *DeNoma v. Kasich*, No. 16-3839, 2017 WL 6987677, at *3 (6th Cir. Oct. 16, 2017) (holding that amendment would be futile when plaintiff's "claims were dismissed because they were time-barred or the defendants were immune from or not amenable to suit."); *Cromer v. Snyder*, No. 17-1502, 2017 WL 5158687, at *2 (6th Cir. Oct.

25, 2017) (holding that amendment would be futile after affirming dismissal for lack of subject matter jurisdiction).

Per the district court's own reasoning, Carrier's case does not fit into either of these categories. As to the first basis, the district court did not dismiss Carrier's lawsuit as frivolous or malicious, but rather held that Carrier had "failed to state a claim upon which relief may be granted." Mem. & Order at Page ID# 35. In its pre-service screening analysis pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court could have dismissed the action as "frivolous" or "malicious." But the court found no basis to do so. In fact, the district court did not even note the standard for frivolity or malice under these statutes, and instead devoted its entire screening analysis to whether Carrier had stated a claim. Mem. & Order at Page ID## 24–35.

As to the second basis, allowing Carrier to amend would not be futile. Quite the opposite, it would allow him to move past the screening stage. The district court did not identify any foundational legal flaws in his claim, such as lack of jurisdiction or failure to file within the statute of limitations, that would justify dismissal with prejudice at this stage. *See e.g., DeNorma*, 2017 WL 6987677, at *3. Instead, the district court found time and again that Carrier's claims failed because his complaint, which contained only one page of hand-written factual allegations, lacked sufficient facts. *See*, Mem. & Order at Page ID## 28–29 (rejecting Carrier's procedural due process claim with regard to his administrative segregation because he "has not

alleged facts" related to the "nature and circumstances" of his solitary confinement); *Id.* at Page ID## 33–34 (rejecting Carrier's failure to protect claim because (1) he did not allege sufficient facts that his attacker posed or poses a particularized danger and (2) he did not allege sufficient facts that defendants were and are aware of the risk that Carrier's attacker posed and poses to him). These are all facts Carrier could have provided in an amended complaint.[6] It is this Court's common practice to allow litigants one chance to state additional facts before their case is dismissed with prejudice.

The fact that Carrier did not seek to amend his complaint during the two months between when he filed and when the court dismissed does not justify the district court's dismissal with prejudice. Nor does it prohibit this court from remanding to allow Carrier to amend. *See Berndt*, 796 F.2d at 883 (remanding to give pro se plaintiff, a pre-trial detainee who alleged failure to protect among other violations of his constitutional rights, the opportunity to amend despite the fact that he never sought leave to amend because "a case, such as this, where the claims are of such a serious nature demands that the complaint be closely scrutinized by the district court before it is dismissed in the pleading stage of litigation."); *Gordon v.*

_____

[6] As explained *supra* in Section I, Carrier maintains that, with respect to some components of his failure to protect argument, he did allege sufficient facts in his original complaint and the district court erred by holding otherwise. However, this does not diminish his right to assert additional facts, on that claim and others, in an amended complaint, before his case is dismissed with prejudice.

*England*, 354 F. App'x 975, 982 (6th Cir. 2009) (holding that "in the interest of justice," pro se plaintiff's case "should be remanded to provide [plaintiff] an opportunity to amend her complaint," even though she never sought leave to amend before appealing).

Further, the district court never made a finding that amendment would be futile before dismissing with prejudice. Mem. & Order at Page## 23–35 (failing entirely to consider whether Carrier should be given an opportunity to amend). At a minimum, this Court should remand for the district court to consider whether amendment would be futile. *See Robinson*, 918 F.2d at 591 (holding that the "district court alone is in a position" to determine whether amendment would be futile).

## CONCLUSION

This Court should reverse and remand to the district court for further proceedings.

Date: February 15, 2024

*/s/ Samuel Weiss*
Samuel Weiss
Rights Behind Bars
416 Florida Avenue, #26152
Washington, DC 20001

*Attorney for Appellant Brandon Carrier*

# CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 32(a)(7)(B)(i)'s type-volume limitation because it contains 5,881 words, excluding parts of the brief exempted by Rule 32(f).

The brief complies with Rule 32(a)(5)'s typeface requirements and Rule 32(a)(6)'s type-style requirements because it has been prepared in a proportionally spaced typeface using Times New Roman, 14-point, in Microsoft Word.

/s/ *Samuel Weiss*
Samuel Weiss
Dated: February 15, 2024                    Attorney for Brandon Carrier

## CERTIFICATE OF SERVICE

I certify that on February 15, 2024, I filed this brief with the Clerk of the Court electronically via the CM/ECF system. All participants in this case are registered CM/ECF users and will be served electronically via the system.

February 15, 2024

*/s/ Samuel Weiss*
Samuel Weiss

# DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Under Sixth Circuit Rules 28(b) and 30(g), Appellant designates the following filings in the record as entries that are relevant to this appeal:

| Description of Entry | Docket No. | Page ID# |
|---|---|---|
| Complaint | 2 | 15–20 |
| Memorandum and Order | 4 | 23–35 |
| Judgment Order | 5 | 36 |
| Notice of Appeal | 6 | 37 |